IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**ROSENBAUM & ASSOCIATES, P.C.**
By: CHRISTOPHER R. DURSO, ESQUIRE-#013822002
5 Split Rock Drive
Cherry Hill, NJ 08003
(856) 489-9746                                                                  Attorney for Plaintiff

| | |
|---|---|
| **AMY GOLDFARB**<br>309 Hazelwood Lane<br>Marlton, NJ 08053<br><br>vs.<br><br>**HARRAH'S ATLANTIC CITY OPERATING COMPANY, LLC d/b/a HARRAH'S RESORT ATLANTIC CITY**<br>777 Harrah's Boulevard<br>Atlantic City, NJ 08401<br>and<br>**INTERBLOCK USA, LC**<br>1106 Palms Airport Drive<br>Las Vegas, NV 89119<br>and<br>**R2 ARCHITECTS, LLC**<br>110 Kresson Gibbsboro Road<br>Voorhees, NJ 08043<br>and<br>**CONCORD ENGINEERING GROUP, INC.**<br>520 South Brunt Road Mill Road<br>Voorhees, NJ 08043<br>and<br>**JOHN DOES** (1-10) (Fictitious Names)<br>and<br>**JOHN DOES** (11-20) (Fictitious Names) | **AMENDEDCOMPLAINT AND DEMAND FOR TRIAL BY JURY**<br><br>**CIVIL ACTION NO. 1:23-cv-22301** |

Plaintiff, Amy Goldfarb, is an adult individual, with her domicile being 309 Hazelwood Lane, Marlton, New Jersey 08053, says:

1. The plaintiff, Amy Goldfarb, is an adult individual and a citizen of the State of New Jersey, residing at the above captioned address.

2. The defendant, Harrah's Atlantic City Operating Company, LLC d/b/a Harrah's Resort Atlantic City, is a corporation regularly conducting business within the State of New Jersey, County of Atlantic, and is a New Jersey corporation with a principal place of business at 777 Harrah's Boulevard, Atlantic City, NJ 08401.

3. The defendant, Interblock USA, LC, is a corporation regularly conducting business within the State of New Jersey, County of Atlantic, and is a Nevada corporation with a principal place of business at 1106 Palms Airport Drive, Las Vegas, NV 89119.

4. The defendant, R2 Architects, LLC, is a corporation regularly conducting business within the State of New Jersey, County of Atlantic, and is a New Jersey Corporation with a principal place of business at 110 Kresson Gibbsboro Road, Voorhees, NJ 08043.

5. The defendant, Concord Engineering Group, LLC, is a corporation regularly conducting business within the State of New Jersey, County of Atlantic, and is a New Jersey Corporation with a principal place of business at 520 South Brunt Mill Road, Voorhees, NJ 08043.

6. The defendants, John Does 1-10 (fictitious names), are the individuals, corporations and/or other entities whose identities are currently unknown, but all times relevant hereto owned, operated and controlled the premises and had the duty to maintain the interior of Harrah's Atlantic City located at 777 Harrah's Boulevard, Atlantic City, New Jersey 08401.

7. The defendants, John Does (11-20), are the individuals whose identities are currently unknown, but all times relevant hereto had the duty and responsibility to maintain the raised platform, more fully described hereinafter, at Harrah's Atlantic City located at

    777 Harrah's Boulevard, Atlantic City, New Jersey 08401.

8. The jurisdiction of the court is hereby invoked pursuant to United States Code, Title 28, Sec. 1332, which states that the District Court shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

9. Venue is sought in the U.S. District Court for the District of New Jersey, since all acts that arose from this complaint took place within the U.S. District Court for the District of New Jersey.

10. Venue is sought in the U.S. District Court of the District of New Jersey pursuant to U.S. Code, Federal Statute, Title 28, Sec. 1391(a)(2), which states that a civil action wherein jurisdiction is founded on diversity of citizenship may, except as otherwise provided by law, be brought in the judicial district where a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

11. At all times relevant hereto the defendants acted through their agents, servants, workmen and employees and the doctrine of <u>Respondeat Superior</u> is invoked herein.

12. At all times relevant hereto, all defendants were acting as the agents, servants, workmen and/or employees of all other named defendants.

13. At all times relevant hereto, defendants had under their care, direction, supervision, control and maintenance Harrah's Atlantic City located at 777 Harrah's Boulevard, Atlantic City, New Jersey 08401, and it was the defendants' duty to keep and maintain said premises in a reasonably safe condition.

13. On or about the 21st day of May, 2021, at or about 4:30 p.m., a dangerous, negligent

        and/or defective condition existed on the defendants' premises as aforesaid and defendants knew or should have known of the existence of same.

14. On the aforesaid date, the plaintiff, Amy Goldfarb, was lawfully inside the casino at Harrah's Atlantic City located at 777 Harrah's Boulevard, Atlantic City, New Jersey 08401, walking near the high rollers room, when by reason of the negligence of the defendants, the plaintiff was caused to trip, slip, stumble and/or fall by reason of a raised platform on the floor that was not visible to invitees such as plaintiff.

15. The defendants knew or should have known of the existence of the hazardous and dangerous condition on the aforesaid premises.

16. As a result of the negligence of said defendants, the plaintiff, Elaine Selby, suffered bodily injuries, including but not limited to her back, leg, memory loss, cellulitis, CRPS, scarring and post-traumatic stress disorder, which are serious and permanent, required medical attention, caused her to suffer great pain and will cause her to suffer pain and medical expense and require medical attention in the future.

17. The aforesaid accident was caused solely and exclusively by the defendants, their agents, servants, and/or employees, as hereinafter more fully set forth, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff herein.

18. As a result of said accident, plaintiff, Amy Goldfarb, has incurred expenses for the treatment of injuries and wage loss.

19. As a further result of said accident, plaintiff has suffered wage loss and a permanent and diminished loss in her present and future earning capacity.

20. As a further result of the aforesaid accident, plaintiff has been unable in the past, and is likely to continue to be unable in the future, to attend to plaintiff's usual

duties, activities, vocations and avocations, all to plaintiff's great financial loss and detriment.

*WHEREFORE*, plaintiff, Amy Goldfarb, demands judgment against the defendants, Harrah's Atlantic City Operating Company, LLC d/b/a Harrah's Resort Atlantic City, Interblock USA, LC, R2 Architects, LLC, Concord Engineering Group, LLC, John Does 1-10 (fictitious names) and John Does 11-20 (fictitious names), in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

                                      **ROSENBAUM & ASSOCIATES, P.C.**

BY: _____
            CHRISTOPHER R. DURSO, ESQUIRE.
            Attorney for Plaintiff

DATE:

**CERTIFICATION PURSUANT TO L. CIV.R 201.1(d)(1)**

I hereby certify that the Damages in this case exceed the amount of $75,000.00, exclusive of interests and costs and any claim for punitive damages.

                              **ROSENBAUM & ASSOCIATES, P.C.**

BY:_____
       CHRISTOPHER R. DURSO, ESQUIRE.
       Attorney for Plaintiff

DATE: